# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael R. Crosner (SBN 41299), Zachary M. Crosner (SBN. 272295), Chad A. Saunders (SBN 257810); Craig W. Straub (SBN 249032) CROSNER LEGAL, PC, 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210 | **ELECTRONICALLY FILED** Superior Court of California, County of Alameda 11/22/2022 at 12:49:02 PM By: Xian-xii Bowie, Deputy Clerk |

TELEPHONE NO.: (310) 496-5818   FAX NO. *(Optional):* (310) 510-6429
E-MAIL ADDRESS: zach@crosnerlegal.com, craig@crosnerlegal.com
ATTORNEY FOR *(Name):* Nikolas Chaplin

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
NIKOLAS CHAPLIN v. PRESTIGE CONSUMER HEALTHCARE, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder | **22CV022517** |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties  d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 4
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 22, 2022
Zachary Crosner
(TYPE OR PRINT NAME)   ► *Zach [signature]*   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]   **CIVIL CASE COVER SHEET**   Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**CROSNER LEGAL, P.C.**
Michael R. Crosner (SBN 41299)
Zachary M. Crosner (SBN 272295)
Chad A. Saunders (SBN 257810)
Craig W. Straub (SBN 249032)
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429
mike@crosnerlegal.com
zach@crosnerlegal.com
chad@crosnerlegal.com
craig@crosnerlegal.com

Attorneys for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
11/22/2022 at 12:49:02 PM
By: Xian-xu Bowie,
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| NIKOLAS CHAPLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRESTIGE CONSUMER HEALTHCARE, INC., a Delaware corporation; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.: 22CV022517<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Nikolas Chaplin ("Plaintiff") brings this action against Defendant Prestige Consumer Healthcare, Inc. ("Defendant"), individually and on behalf of all others similarly situated, and alleges upon personal knowledge as to Plaintiff's acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a consumer protection action that seeks to remedy the unlawful, deceptive, and misleading business practices of Defendant with respect to the marketing and sales of its gripe water products, including Little Remedies Gripe Water ("Little Remedies" or "Products").

2. Defendant distributes, markets, and sells Little Remedies as an effective remedy for the symptoms associated with colic in newborn babies.

3. The Little Remedies advertising is unlawful because Defendant intends that the product is for use as a drug which requires premarket approval from federal authorities. Defendant has failed to obtain this approval and is selling an illegal product. The Food and Drug Administration has stated that these types of "colic relief" advertising claims are unlawful.

4. Further, none of the ingredients in Little Remedies provide the advertised benefits. Little Remedies is not "highly effective" at treating the symptoms of colic as Defendant contends. Scientific studies have found that gripe water is ineffective for treating colic in newborns and may in fact, at higher doses, increase the risk of vomiting and constipation. No respected medical practitioner recommends the use of herbal remedies or gripe water for use in colicky infants. Defendant is peddling snake oil at the expense of desperate consumers.

5. Throughout the Class Period Defendant manufactured, sold, and distributed Little Remedies using a marketing and advertising campaign that is centered around claims that the Little Remedies are "Everything [newborns] need. Nothing they don't," "A highly-effective herbal supplement which eases stomach discomfort often associated with colic and hiccups," and "provides fast and gentle relief to your little one's gas/discomfort. This highly-effective herbal supplement helps to ease stomach distress."

6. Defendant communicates the same substantive colic symptom relief message throughout its advertising and marketing of Little Remedies, including at point of sale and on the

1   front of the Little Remedies packaging. Accordingly, each consumer who has purchased Little

2   Remedies has been exposed to Defendant's unlawful and misleading advertising.

3        7.   Defendant's Little Remedies do not provide effective relief for any colic symptoms.

4   This is not surprising, as Little Remedies' main ingredients are water and vegetable glycerin—a

5   common sugar alcohol.

6        8.   As a direct and proximate result of Defendant's unlawful, false, and misleading

7   advertising claims and marketing practices, Defendant has caused Plaintiff and the members of the

8   Class to purchase an illegal and falsely advertised product which does not, and cannot, perform as

9   represented. Plaintiff and other similarly situated consumers have been harmed in the amount they

10  paid for Little Remedies.

11       9.   Plaintiff brings this action individually, and on behalf of all purchasers of Little

12  Remedies Gripe Water products, to halt Defendant's unlawful sales and marketing of these products

13  and for violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750,

14  *et seq.*, Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*, False Advertising

15  Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*, breach of express warranty, breach of implied

16  warranty of fitness for a particular purpose, and for unjust enrichment.

17                              **JURISDICTION AND VENUE**

18       10.  This Court has jurisdiction pursuant to Article VI, Section 10 of the California

19  Constitution and California Code of Civil Procedure § 410.10.

20       11.  This Court has personal jurisdiction over Defendant because Defendant conducts and

21  transacts business in the State of California, contracts to supply goods within the State of California,

22  and supplies goods within the State of California. Defendant has intentionally availed itself of the

23  markets within California through its advertising, marketing and sales of Little Remedies to

24  consumers, including Plaintiff.

25       12.  Venue is proper in this Court because Defendant is doing business in this County, and

26  Plaintiff purchased Little Remedies Gripe Water in this County.

27

28

**PARTIES**

13.    Plaintiff Nikolas Chaplin is an individual consumer who, at all times relevant to this action, was a citizen of and resided in California. Before purchasing the Little Remedies Gripe Water products, Plaintiff saw Defendant's representations by reading the label of Little Remedies Gripe Water including Defendant's representations on the packaging labels that the products "Gently Relieves Stomach Discomfort from Gas, Colic + Hiccups" at Walgreens retail stores on numerous occasions during the Class Period. In reliance on the claims at issue made on the label and on the belief that the products were legal to sell, Plaintiff purchased Little Remedies Gripe Water for his child that was suffering from colicky symptoms between approximately 2019 and 2020 at Walgreens retail stores in California, including in Alameda County. Relying on the product's colic relief representations, Plaintiff paid approximately $15 for Little Remedies Gripe Water. Had Plaintiff known the truth—that the product was not legally sold and the representations he relied upon in making his purchase were unlawful, false, and deceptive—he would not have purchased the Little Remedies Gripe Water products. Plaintiff did not receive the benefit of the bargain, because Defendant's Little Remedies do not and cannot improve the symptoms of colic as advertised. By purchasing the illegally sold and falsely advertised product, Plaintiff suffered injury-in-fact and lost money. Plaintiff continues to desire to purchase a legally sold colic relief product and believes he would purchase a colic relief product if it worked as advertised and was legally sold. However, as a result of Defendant's ongoing false and unlawful advertising, Plaintiff will be unable to rely on the advertising when deciding in the future whether to purchase Little Remedies Gripe Water.

14.    Plaintiff understood that each purchase involved a direct transaction between himself and Defendant, because the product came with packaging, labeling, and other materials prepared by Defendant, including representations and warranties regarding the advertised claims.

15.    Defendant Prestige Consumer Healthcare, Inc. is a publicly-traded Delaware corporation, with a principal place of business in Tarrytown, New York. Defendant manufactures, markets, and advertises and distributes Little Remedies Gripe Water products throughout the United States. Defendant manufactured, marketed, and sold Little Remedies Gripe Water products during

1   the Class Period. The planning and execution of the advertising, marketing, labeling, packaging,

2   testing, and/or business operations concerning the Little Remedies were primarily carried out at

3   Defendant's headquarters and facilities in Tarrytown, New York.

4                                    **FACTUAL BACKGROUND**

5        16.    Defendant's Little Remedies Gripe Water products are sold nationwide at a variety of

6   retail chains, including Target, Rite Aid, Walgreens, and Walmart as well as many online retailers,

7   such as Amazon.

8        17.    The packaging of Little Remedies Gripe Water at is depicted below:



**CLASS ACTION COMPLAINT**



*See also* **Exhibit 1** (Packaging and Labeling Exemplars), attached hereto.

18.    As shown above, the packaging for Little Remedies Gripe Water represents that it is a "Dietary Supplement"; "For Tummys" that is "Fast Acting." That the product is for "Newborn +" "Safe for Newborns" "Gently Relieves Stomach Discomfort from Gas, Colic + Hiccups" and "Gently Relieves Stomach Discomfort from Gas, Colic, Hiccups and Fussiness."

19.    On the side of the label, Little Remedies promotes itself as a "highly effective herbal supplement which eases stomach discomfort often associated with gas, colic, and hiccups. Our product is based on a time-tested formula from Europe that is over 100 years old":

### GRIPE WATER

**Little Remedies® Gripe Water** is a highly effective herbal supplement which eases stomach discomfort often associated with gas, colic and hiccups. Our product is based on a time-tested formula from Europe that is over 100 years old.

CLASS ACTION COMPLAINT

20.   On the labeling, Defendant also claims that its "Little Remedies® Gripe Water is a safe, gentle & effective herbal supplement which eases the discomfort associated with Gas, Colic, Upset Stomach Hiccups:

**Little Remedies® Gripe Water** is a safe, gentle & effective herbal supplement which eases the discomfort associated with*
▪ Gas ▪ Colic ▪ Upset stomach ▪ Hiccups

21.   Little Remedies also warrants that is a legal "DIETARY SUPPLEMENT" by printing this claim on the front of the packaging. *See* above; *see also* Ex. 1.

22.   Highlighted on the front of the Little Remedies packaging, Defendant represents that the Product it "Fast Acting" warranting that it is an effective medicine. *See* above; *see also* Ex. 1.

23.   On the other side of the product Defendant cherry-picks certain reviews to reinforce the front-facing packaging panel and prints a sample customer review of the product: "When my friends ask what I did when my son was colicky I refer them to gripe water! Thank you, it was for sure a life saver!" *See* above; *see also* Ex. 1.

24.   The only purported ingredients on the Little Remedies' packaging include 5mg of "ginger root extract," and 4mg "fennel seed extract." Non-active "other ingredients" include "purified water, organic agave [sugar], vegetable glycerin [sugar alcohol], natural ginger flavor, potassium sorbate, citric acid, xanthan gum."

25.   Upon information and belief, within the last couple of months Defendant has slightly reformulated Little Remedies which includes lemon balm extract and chamomile flower heads extract: "Foeniculum vulgare (Fennel) seed extract, purified water, organic agave syrup, glycerin, corn syrup, maltodextrin, melissa officinalis (lemon balm) leaf extract, natural ginger flavor, matricaria recutita (chamomile) flower heads extract, citric acid, potassium benzoate, xanthan gum."[1]

---

[1]   This ingredient list was obtained from Defendant's website at https://www.littleremedies.com/remedies/stomach-gas-remedies/little-remedies-gripe-water-chamomile#ingredients (last visited Nov. 10, 2022).

7

26.     None of the ingredients in Little Remedies have been shown to provide the claimed relief for colic symptoms including stomach discomfort associated with gas, colic, hiccups, and /or fussiness.[2] In fact, the scientific community recommends against the use of gripe water and does not recommend any of the ingredients in Little Remedies for use in colicky infants. The ingredients in Little Remedies are not effective at providing any of the advertised benefits.

27.     Not only are the ingredients in Little Remedies ineffective, but the serving size is too miniscule to even theoretically provide any possible relief. The ingredient label indicates that it contains 5 mg of ginger root extract and 4mg of fennel seed extract. With a total serving size of 1 teaspoon (5 ml), the amount of ginger extract is equivalent to one one-thousandth of a teaspoon (0.0010) and the amount of fennel extract is equivalent to one one-thousand two-hundred and fiftieth of a teaspoon (0.0008). Substances in such trace amounts do not and cannot provide relief from the advertised symptoms.

28.     Defendant further warrants that its Little Remedies is a dietary supplement which is legal to sell to consumers for personal use. However, as explained below, the products are not lawfully sold in the United States.

## DEFENDANT'S UNLAWFUL, FALSE, AND MISLEADING ADVERTISING

### Defendant's Little Remedies Unlawful Disease Claims

29.     To legally sell a "dietary supplement" the manufacturer must, among other things, (1) have substantiation the statements on the label are truthful and not misleading; (2) the labeling may not claim or imply that the product can mitigate, treat, cure, or prevent disease; (3) there must be a prominent disclaimer that the Food and Drug Administration (FDA) has not evaluated the product and that the product is not intended to treat, cure, or prevent disease; and (4) the manufacturer must notify the FDA of the labeling claims within 30-days of marketing such claims. See 21 U.S.C. §§ 343(r)(6)(A)-(C). Defendant has failed to comply with these requirements.

---

[2]     Divya Jacob, *Why Is Gripe Water Banned?* MedicineNet available at https://www.medicinenet.com/why_is_gripe_water_banned/article.htm (last visited Nov. 9, 2022).

CLASS ACTION COMPLAINT

30.     Infantile colic refers to a widespread clinical condition in infants that causes inconsolable crying, fussing, hiccups, stomach discomfort, and irritability. These symptoms range from being benign to life-threatening.[3] The only proven treatment of colic is dicyclomine hydrochloride, an anticholinergic drug. However, its use is discouraged due to side-effects. This has not stopped companies like Defendant from exploiting struggling parents seeking to calm their newborns exhibiting prolonged periods of distress.

31.     Infantile colic is known to have a significant impact on infants and their families. Defendant takes advantage of these desperate parents by unlawfully advertising its Little Remedies Gripe Water as a treatment for colic and its symptoms. The FDA has publicly warned that claims of colic relief classify the product as an unapproved drug which may result in fines, up to one year in jail, a permanent or temporary injunction, or seizure. *See* 21 U.S.C. §§ 332-334.

32.     In April 2020, the FDA stated that an advertising claim of "Colic Relief" is a claim that the product is intended for use as a drug and directed the company to contact the FDA's Center for Drug Evaluation and Research.[4]

33.     In June 2021, the FDA stated that the claims "Helps soothe fussiness and crying in colicky babies" and "to reduce fussiness (crying) associated with colic" were unapproved drug claims because "a number of colicky infants have serious medical conditions[.]"[5]

34.     In February 2021, the FDA held that "Colic, Inflammation of the Belly, Abdominal pain ..." claims classified a product as "an unapproved new drug" which requires premarket approval.[6]

35.     In March 2018, the FDA found that a gripe water product advertised with the claims "May aid on occasion your baby's problems with . . . cramping . . . ." established that the product was a drug under 21 U.S.C. § 321(g)(1)(B) because it was "intended for use in the cure, mitigation,

---

[3]     Savino F & Tarasco V, New treatments for infant colic. Current Opinion in Pediatrics. 2010;22:000-000.
[4]     FDA Warning Letter to Proctor & Gamble Company, dated April 10, 2020, a copy of which is attached as **Exhibit 2**.
[5]     FDA Warning Letter to SmartyPants Vitamins, dated June 28, 2021, a copy of which is attached as **Exhibit 3**.
[6]     https://www.accessdata.fda.gov/cms_ia/importalert_190.html (last visited Nov. 9, 2022)

1   treatment, or prevention of disease. ... introducing or delivering these products for introduction into

2   interstate commerce for such uses violates the Act."[7]

3        36.    As shown below, there is overwhelming evidence that the labeling claims are false

4   and misleading. Upon information and belief, Defendant did not provide the required Little

5   Remedies Gripe Water labeling claims to the FDA within the 30-day period. The disclaimer is also

6   not prominent. On its packaging, Defendant includes a fine-print statement required by the FDA

7   that the products are not intended to diagnose, treat, cure or prevent any disease. The statement,

8   however, does not disavow the express statements Defendant makes on the packaging. It also

9   directly contradicts these statements in violation of consumer protection law. It is well established

10  that consumers regularly do not read and do not consider the fine-print statement when buying

11  dietary supplements. France and Bone (2005) looked at the impact this mandatory statement has on

12  consumer beliefs when interpreting such claims.[8] They found that consumer disease beliefs are not

13  "lower when the [mandatory statement] is used on the package than when it is not." Mason et al.

14  (2007) conducted two surveys about the impact of the mandatory statement on consumer

15  perceptions of safety or efficacy of dietary supplements.[9] The authors concluded "No difference

16  was found in efficacy perceptions for subjects exposed to the disclaimer compared to the control."

17  They also observed that "It is particularly noteworthy that the mandated disclaimer did not impact

18  either efficacy perceptions (as intended) or safety perceptions (as might be expected, given the

19  nature of the disclaimer) any differently than the control message."[10]

20

21  [7]    FDA Warning Letter to Ozarck Country Herbs, dated March 30, 2018, available at

22  https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/ozark-country-herbs-542508-03302018 (last visited Nov. 9, 2022).

23  [8]    France and Bone, *Policy Makers' Paradigms and Evidence from Consumer Interpretations of Dietary Supplement Labels*, Journal of Consumer Affairs, 39(1):27-51 (2005).

24  [9]    Mason et al. The Impact of Warnings, Disclaimers, and Product Experience on Consumers' Perceptions of Dietary Supplements. Journal of Consumer Affairs. 2007;41(1):74-99.

25  [10]    *See also* Kesselheim et al. Mandatory Disclaimers On Dietary Supplements Do Not Reliably Communicate The Intended Issue. Health Affairs. 2015;34(3):438-446 ("We found ample evidence

26  that such disclaimers are often misunderstood or ignored by consumers and had no effects on consumers' ability to understand messages about health care products and critically evaluate

27  potentially unsupported statements about effectiveness or safety."); Tonya Dodge. Consumers' perceptions of the dietary supplement health and education act: implications and recommendations,

28  Drug Testing and Analysis. 2016;8:407-409 ("research suggests that the labelling requirements of

10

37.    Defendant also labels Little Remedies with customer reviews on the labeling to reinforce the product's curative properties. The label states "When my friends ask what I did when my son was colicky I refer them to gripe water! Thank you, it was for sure a life saver!" Defendant's use this as "proof" that the product works like a medicine. Anecdotal comments like this are not scientifically valid, are misleading, and bolster the illegal disease claims printed on the front of the label.

38.    Defendant's colic symptom relief advertising on its Little Remedies Gripe Water labeling is near identical to the claims that the FDA has declared illegal—the front of the label states that the Product is for a "newborn," "Gas, Colic + Hiccups," and "Gas, Colic, Hiccups and Fussiness." As such, the sale of Defendant's Little Remedies Gripe Water products is a violation of federal and state law.[11] The products are not legally sold and cannot be legally purchased.

***Defendant's False and Misleading Advertising***

39.    Gripe water products were originally developed to treat the symptoms of malaria during the 1800s and originally contained a mixture of baking soda, alcohol, and herbs. Gripe water was thought to help calm a fussy baby. However, any perceived benefit was due to the presence of alcohol. Modern formulations of gripe water do not contain alcohol. However, that does not stop companies, like Defendant, from seeking to capitalize from name recognition of gripe water.

40.    Infants do not need or require the ingredients in Little Remedies Gripe Water. There is no required daily intake for any of the ingredients in Little Remedies—the Centers for Disease Control and Prevention (CDC) states that a child only needs essential vitamins and minerals such as Vitamin D, iron, and zinc to grow healthy and strong.[12] An infant's digestive system does not need any of the ingredients in Little Remedies because the digestive system maintains homeostasis

---

DSHEA have little reliable impact on consumer beliefs about the risk and effectiveness of dietary supplements").

[11]    The FDA regulations at issue are incorporated into California law through the Sherman Food, Drug, and Cosmetic Law ("Sherman Law"). Health & Saf. Code § 110100. In addition to this blanket provision, the Sherman Law adopts the regulatory provisions at issue here. *See id.* at §§ 109925, 111550.

[12]    *See* https://www.cdc.gov/nutrition/infantandtoddlernutrition/vitamins-minerals/index.html (last visited Nov. 18, 2022).

on its own along with the breast milk/formula consumed. Consequently, if a substance such as **Little Remedies** disrupted this homeostasis, disease and/or increased bacteria, allergies, and intestinal irritation would result.

41.    The scientific community has warned against the use of gripe water for good reason—"newborn infants should not be given food or drink other than breast milk, unless medically indicated."[13]

42.    The scientific community cautions that use of gripe water products like Little Remedies is an "irrational practice" which increases the risk of increased bacteria, allergies, and intestinal irritation.[14] Health Link, a health information service in Canada, also warns new parents, "Do not use unapproved, unproven, or potentially dangerous substances or methods as treatment for your baby who has colic."[15] The World Health Organization specifically recommends that mothers should exclusively breastfeed infants for optimal health.[16] The Canadian Paediatric Society likewise warns "Talk to your doctor before using over-the-counter or 'natural' products for colic. There is very little scientific evidence to show that these products help."[17]

43.    Accordingly, the scientific community has stated that products advertising colic relief "need to be curbed and we should ensure that no promotion for infant foods or drinks other than breast milk is done ... doctors should stop prescribing these ... medications and laws should be made stringent to prevent over the counter access of the same."[18]

44.    Evidence-based professional and national recommendations for the treatment of infantile colic recommend against the use of gripe water, herbal supplements, or any of the ingredients in Little Remedies Gripe Water.

---

[13]    Adhisivam B. Is gripe water baby-friendly? J. Pharmacol. Pharmacother. 212 Apr;3(2):207-8.
[14]    *Id.*
[15]    https://www.healthlinkbc.ca/pregnancy-parenting/parenting-babies-0-12-months/baby-health/colic-harmful-treatments (last visited Nov. 9, 2011).
[16]    Vallenas C, Savage F. *Evidence for the ten steps to successful breastfeeding.* Geneva: World Health Organization/CHD/98.9; 1998. pp. 48–61.
[17]    https://caringforkids.cps.ca/handouts/pregnancy-and-babies/colic_and_crying (last visited Nov. 9, 2022).
[18]    Adhisivam B. Is gripe water baby-friendly? J. Pharmacol. Pharmacother. 2012 Apr;3(2):207-8.

CLASS ACTION COMPLAINT

45.   The American Academy of Family Physicians (AAFP) does not recommend the use of gripe water and herbal supplements including fennel, chamomile, lemon balm.[19] The AAFP warns that the use of herbal products should not be administered as a treatment for infantile colic: "parents should be cautioned about their use."[20] The AAFP also notes that use of herbal products can create a "potential interference with normal feeding."

46.   Ellwood et al. (2020) performed a systematic review of the available guidelines for the treatment of infantile colic which was published in the *British Medical Journal*.[21] The aim of the study was to compare meta-data from different systematic review and national treatments guidelines for infantile colic on common outcomes. The authors specifically assessed the effectiveness of several treatment modalities on colic symptoms including infant crying time, sleep distress and adverse events. The authors note the herbal mixtures "may be harmful because herbal mixtures may affect optimal milk consumption." The analysis found that "herbal supplements (e.g., fennel)" are "non-recommended interventions" by The National Institute for Health and Care Excellence (NICE) on two separate occasions (2015 and 2017). Similarly, gripe water products were reported as a "non-recommended intervention" by American Academy of Family Physicians.

47.   The National Institutes of Health (NIH) "Colic and crying – self-care" guide does not recommend the use of gripe water or any other herbal supplements.[22] Instead, the NIH recommends several techniques to comfort and calm an infant.

48.   The National Health Service (NHS), the publicly funded healthcare system in England, recently published evidence-based treatment guidelines titled *Managing Colic in Infants Pathway*.[23] The NHS has a "Do not recommend" rating for herbal supplements like Little Remedies.

---

[19]   Johnson J.D. et al. Infantile colic: recognition and treatment. American Family Physician. 2015;92(7):577-582.
[20]   Roberts D.M. et al. Infantile Colic. American Family Physician. 2004;70(4):735-740.
[21]   Ellwood J. et al. Comparison of common interventions for the treatment of infantile colic: a systematic review of reviews and guidelines. BMJ Open. 2020;10e035405.
[22]   *See* MedlinePlus [Internet]. Bethesda (MD): National Library of Medicine (US) available at https://medlineplus.gov/ency/patientinstructions/000753.htm (last visisted Nov. 9, 2022).
[23]   NHS. *Managing Colic in Infants Pathway* (September 2022).

13

49.     The Royal Children's Hospital (RCH) published evidence-based clinical practice guidelines for unsettled or crying babies in 2019. The guideline has been endorsed by the Paediatric Improvement Collaborative and specifically does not recommend "colic mixtures (e.g., gripe water) – no proven benefit."[24]

50.     The British Journal of Family Medicine (BJFM) has published treatment guidelines for infantile colic. The BJFM guidelines "do not support the[] use" of herbal remedies.[25]

51.     Biagioli and colleagues published a systematic review to assess the effectiveness and safety of agents for reducing colic in infants younger than four months of age. The authors utilized the standard methodological procedures of The Cochrane Collaboration. The "Authors conclusions" were "available evidence shows that herbal agents, sugar, … cannot be recommended for infants with colic."[26]

52.     In 2019, peer-reviewed treatment guidelines were published which found that "Herbal remedies should not be given as there are potential risks of side effects, which may interfere with the infant's feeding."[27] Instead, the guidelines recommend parental reassurance and an allergen-restricted diet for mothers with a history of food intolerance or allergies.

53.     Zhang et al. (2015) conducted a comprehensive study using data from the Infant Feeding Practices Study II, a longitudinal survey of women studied from pregnancy through the infant's first year. This was the first study to examine the prevalence of dietary botanical supplement use among US infants. The authors concluded that "many supplements and teas used were marketed and sold specifically for infants" and warn others that "supplements given to infants may pose health risks, health care providers need to recognize that infants under their care may be receiving supplements or teas."[28]

---

[24] https://www.rch.org.au/clinicalguide/guideline_index/Crying_Baby_Infant_Distress/ (last visited Nov. 9, 2022).
[25]     Wall A. and Bogle V. Spotlight: infantile colic. BJFM. 2018;6(4).
[26]     Biagioli_E, Tarasco_V, Lingua_C, Moja_L, Savino_F. Pain-relieving agents for infantile colic. Cochrane Database of Systematic Reviews 2016;9(CD009999).
[27]     Lam T.M.L et al. Approach to infantile colic in primary care. Singapore Med J. 2019;60(1):12-16.
[28]     Zhang Y. et al. Feeding of Dietary Botanical Supplements and Teas to Infants in the United States. Pediatrics. 2015;127(6):1060-1066.

14

54.    Jain et al. (2015)[29] published a cross-sectional study examining 335 mothers of infants. The authors concluded that gripe water "administration is a common problem in infants and remains a significant challenge that thwarts exclusive breast feeding." The authors also commented that gripe water does not prevent infantile colic and may be associated with vomiting and constipation.

55.    Gutiérrez-Castrellón et al. (2017) performed a systematic review and network meta-analysis of clinical trials published between 1960 and 2015 for the treatment of infantile colic. Pooled interventions included in the network meta-analysis were herbal remedies, including the ingredients found in Little Remedies. The authors reported wide confidence intervals in the results with considerable heterogeneity which crossed the line of no effect. In conclusion, the authors did not recommend herbal medicine, including the ingredients in Little Remedies, for colic.[30]

56.    Instead of using sound science, Defendant uses scientifically invalid, anecdotal comments which it prints on the Little Remedies packaging. For example, the label states "When my friends ask what I did when my son was colicky, I refer them to gripe water! Thank you, it was for sure a life saver!"  Defendant uses this as "proof" that the product works like a medicine. Anecdotal comments like this are not scientifically valid, are misleading, and bolster the illegal disease claims printed on the front of the label. The FDA and Federal Trade Commission regulations state that "advertisers should not make claims either through consumer or expert endorsements that would be deceptive or could not be substantiated if made directly. It is not enough that a testimonial represents the honest opinion of the endorser. Under FTC law, advertisers must also have appropriate scientific evidence to back up the underlying claim."[31] As shown above, the overwhelming scientific evidence concludes that the ingredients in Little Remedies do not work and should not be given to colicky infants. Consumer reviews printed on a product's label or elsewhere are imputed to Defendant and are false.

[29]    Jain K. et al. Gripe water administration in Infants 1-6 months of age - a cross-sectional study.  Clin Diagn Res. 2015 Nov;9(11):SC06-8.
[30]    Gutiérrez-Castrellón P, Indrio F, Bolio-Galvis A, et al. Efficacy of Lactobacillus reuteri DSM 17938 for infantile colic. Systematic review with network meta-analysis. Medicine. 2017;96(51).
[31]    FDA, *Dietary Supplements: An Advertising Guide for Industry* (April 2001).

15

57.    Defendant's Little Remedies Gripe Water does not relieve colic or the signs and symptoms of colic in newborns or infants. It is not a "Dietary Supplement." The Product is not "Fast Acting." Little Remedies does not help "Newborn +" and does not "Gently Relieve[] Stomach Discomfort from Gas, Colic + Hiccups." Little Remedies is not a "highly effective herbal supplement which eases stomach discomfort often associated with gas, colic, and hiccups." It also is not "a time-tested formula."

## THE IMPACT OF DEFENDANT'S WRONGFUL CONDUCT

58.    Defendant has ignored California law, federal regulations, and the scientific evidence demonstrating Little Remedies ineffectiveness. It has conveyed and continues to convey that Little Remedies is a "dietary supplement" (it is not) capable of benefiting the symptoms of colic (it does not).

59.    As the manufacturer and distributor of Little Remedies, Defendant possesses specialized knowledge regarding its content and effects of its ingredients, and Defendant is in a superior position to know whether Little Remedies works as advertised.

60.    Specifically, Defendant knew, but failed to disclose, or should have known, that Little Remedies is a product that cannot be legally sold and cannot benefit the symptoms of colic.

61.    Defendant knew, but failed to disclose, or should have known, that Little Remedies is ineffective at relieving colic because the evidence-based science has determined that Little Remedies does not relieve the signs and symptoms of colic.

62.    Plaintiff and the class members have been and will continue to be deceived or misled by Defendant's false and deceptive colic-relief representations.

63.    Defendant's colic-relief representations and omissions were a material factor in influencing Plaintiff's and the class members' decision to purchase Little Remedies. In fact, the only purpose for purchasing Little Remedies is to obtain the promised colic-relief benefits. Defendant's conduct has injured Plaintiff and the class members because Little Remedies does not provide the advertised benefits. Had Plaintiff and other reasonable consumers known this, they would not have purchased Little Remedies or would not have paid the prices they paid. Furthermore, had Plaintiff and other reasonable consumers known that Little Remedies is not a dietary supplement

and cannot be legally sold, they would not have purchased Little Remedies or would not have paid the prices they paid.

64.   Little Remedies retails for approximately $15 per unit. Because of Defendant's unlawful, false, and deceptive advertising, Little Remedies Gripe Water has become one of the highest-selling products in the gripe water category.

## CLASS ACTION ALLEGATIONS

65.   Plaintiff brings this class action pursuant Cal. Code. Civ. Proc. § 382 on behalf of the following classes:

**Nationwide Class (the "Class")**
All persons who purchased Little Remedies Gripe Water for personal use in the United States until the date notice is disseminated.

**California Subclass (the "Subclass")**

All persons in California who purchased Little Remedies Gripe Water for personal use until the date notice is disseminated.

66.   Excluded from the from the Class are: (i) Defendant and its officers, directors, and employees; (ii) any person who files a valid and timely request for exclusion; and (iii) judicial officers and their immediate family members and associated court staff assigned to the case.

67.   Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

68.   The Class is appropriate for certification because Plaintiff can prove the elements of the claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

69.   <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of consumers who are Class Members described above who have been damaged by Defendant's deceptive and misleading practices.

70.   <u>Commonality</u>: There is a well-defined community of interest in the common questions of law and fact affecting all Class Members. The questions of law and fact common to the Class

17

Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

    a. Whether Defendant is responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products;

    b. Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Products;

    c. Whether Defendant made false and/or misleading statements concerning the Products that were likely to deceive the public;

    d. Whether Plaintiff and the Class are entitled to injunctive relief;

    e. Whether Plaintiff and the Class are entitled to money damages under the same causes of action as the other Class Members.

71. Typicality: Plaintiff is a member of the Classes Plaintiff seeks to represent. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased the Products. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

72. Adequacy: Plaintiff is an adequate Class representative because Plaintiff's interests do not conflict with the interests of the Class Members Plaintiff seeks to represent; the consumer fraud claims are common to all other members of the Class, and Plaintiff has a strong interest in vindicating Plaintiff's rights; Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiff and proposed Class Counsel. Defendant has acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

73.    The Class is properly brought and should be maintained as a class action because a class action is superior to traditional litigation of this controversy. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

    a.  The joinder of hundreds of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

    b.  The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive to justify individual actions;

    c.  When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

    d.  This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

    e.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

    f.  This class action will assure uniformity of decisions among Class Members;

    g.  The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

    h.  Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action; and

    i.  It would be desirable to concentrate in this single venue the litigation of all plaintiffs who were induced by Defendant's uniform false advertising to purchase the Products.

74.    In the alternative, the Class also may be certified because Defendant has acted or refused to act on grounds generally applicable to the Class thereby making final declaratory and/or injunctive relief with respect to the members of the Class as a whole, appropriate.

75. Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the Class, on grounds generally applicable to the Class, to enjoin and prevent Defendant from engaging in the acts described, and to require Defendant to provide full restitution to Plaintiff and Class members.

76. Unless the Class is certified, Defendant will retain monies that were taken from Plaintiff and Class members as a result of Defendant's wrongful conduct. Unless a classwide injunction is issued, Defendant will continue to commit the violations alleged and the members of the Class and the general public will continue to be misled.

**COUNT I**

**Violation of Consumer Legal Remedies Act ("CLRA")**
**Civil Code §§ 1750, *et seq***

77. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth verbatim herein.

78. Plaintiff brings this claim individually and on behalf of the Subclass against Defendant.

79. At all times relevant hereto, Plaintiff and members of the Class were "consumer[s]," as defined in Civil Code section 1761(d).

80. At all relevant times, Defendant constituted a "person," as defined in Civil Code section 1761(c).

81. At all relevant times, the Products manufactured, marketed, advertised, and sold by Defendant constituted "goods," as defined in Civil Code section 1761(a).

82. The purchases of the Products by Plaintiff and members of the Class were and are "transactions" within the meaning of Civil Code section 1761(e).

83. Defendant disseminated, or caused to be disseminated, through its advertising— including the Products' labeling that they provide colic-relief and are lawfully sold in the United States which they are not because the Products do not provide relief from the symptoms of colic and are illegal unapproved drugs. Defendant's representations violate the CLRA by:

(a) Defendant represented that the Products have characteristics, ingredients, uses, and benefits which they do not have (Civil Code § 1770(a)(5));

20

1      (b)     Defendant represented that the Products are of a particular standard, quality, or grade,

2              which they are not (Civil Code § 1770(a)(7));

3      (c)     Defendant advertised the Products with an intent not to sell the Products as advertised

4              (Civil Code § 1770(a)(9)); and

5      (d)     Defendant represented that the subject of a transaction has been supplied in

6              accordance with a previous representation when it has not (Civil Code § 1770(a)(16)).

7      84.    Defendant violated the CLRA because the Products do not relieve the symptoms of

8  colic and are not legally sold. Defendant knew or should have known that its Products do not relieve

9  the symptoms of colic and are not capable of being legally sold.

10      85.    Defendant's actions as described herein were done with conscious disregard of

11  Plaintiff's rights and was wanton and malicious.

12      86.    Defendant's wrongful business practices constituted, and constitute, a continuing

13  course of conduct in violation of the CLRA since Defendant is still representing that its Products

14  have characteristics which they do not have.

15      87.    Pursuant to Civil Code section 1782(d), Plaintiff and members of the Class seek an

16  order enjoining Defendant from engaging in the methods, acts, and practices alleged herein, and for

17  restitution and disgorgement.

18      88.    Pursuant to Civil Code section 1782, Plaintiff notified Defendant in writing by

19  certified mail of the alleged violations of the CLRA and demanded that Defendant rectify the

20  problems associated with the actions detailed above and give notice to all affected consumers of its

21  intent to so act. A copy of the letter is attached as **Exhibit 4**. If Defendant has failed to rectify or

22  agree to rectify the problems associated with the actions detailed herein and give notice to all

23  affected consumers within 30 days of the date of written notice pursuant to § 1782 of the CLRA,

24  Plaintiff will amend this complaint to add claims for actual, punitive, and statutory damages, as

25  appropriate.

26      89.    Pursuant to § 1780(d) of the CLRA, attached as **Exhibit 5 is an** affidavit showing that

27  this action was commenced in a proper forum.

28

1

## COUNT II

**Violation of False Advertising Law**
**Business & Professional Code §§ 17500, *et seq*.**

2

3    90.    Plaintiff and members of the Class reallege and incorporate by reference each

4    allegation set forth above as if fully set forth herein.

5    91.    Plaintiff brings this claim individually and on behalf of the California Subclass against

6    Defendant.

7    92.    California's FAL, (Bus. & Prof. Code §§ 17500, *et seq*.) makes it "unlawful for any

8    person to make or disseminate or cause to be made or disseminated before the public in this

9    state,…in any advertising device…or in any other manner or means whatever, including over the

10   Internet, any statement, concerning…personal property or services, professional or otherwise, or

11   performance or disposition thereof, which is untrue or misleading and which is known, or which by

12   the exercise of reasonable care should be known, to be untrue or misleading."

13   93.    Throughout the Class Period, Defendant committed acts of false advertising, as

14   defined by § 17500, by using false and misleading statements to promote the sale of Little Remedies,

15   as described above, including but not limited to, representing that Little Remedies could relieve

16   stomach discomfort and colic in newborns, when in fact they could not.

17   94.    Defendant knew or should have known, through the exercise of reasonable care that

18   the statements were untrue and misleading.

19   95.    Defendant's actions in violation of § 17500 were false and misleading such that the

20   general public is and was likely to be deceived.

21   96.    As a direct and proximate result of these acts, consumers have been and are being

22   harmed. Plaintiff and members of the Class have suffered injury and actual out-of-pocket losses

23   because: (a) Plaintiff and members of the Class would not have purchased the Products if they had

24   known the true facts regarding the effectiveness of the Products; (b) Plaintiff and members of the

25   Class paid a price premium due to the misrepresentations about the Products; and (c) the Products

26   did not have the promised quality, effectiveness, or value.

27   97.    Plaintiff brings this action pursuant to § 17535 for injunctive relief to enjoin the

28   practices described herein and to require Defendant to issue corrective advertising and disclosures

to consumers. Plaintiff and members of the California Subclass are therefore entitled to: (a) an order requiring Defendant to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendant as a result of its deceptive practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs.

## COUNT III

### Violation of Unfair Competition Law
### Business & Professional Code §§ 17200, *et seq.*

98. Plaintiff and Class Members reallege and incorporate by reference each allegation set forth above as if fully set forth herein.

99. Plaintiff brings this claim individually and on behalf of members of the California Subclass against Defendant.

100. Defendant is subject to the UCL, Bus. & Prof. Code § 17200 *et seq.* The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising ...." The UCL also provides for injunctive relief and restitution for violations.

101. "By proscribing any unlawful business practice, § 17200 borrows violations of other laws and treats them as unlawful practices that the UCL makes independently actionable." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) (citations and internal quotation marks omitted).

102. Virtually any law or regulation—federal or state, statutory, or common law—can serve as a predicate for a UCL "unlawful" violation. *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1383 (2012).

103. Defendant has violated the UCL's "unlawful prong" as a result of its violations of the CLRA, and FAL, as well as by breaching express and implied warranties as described herein. By failing to comply federal and state regulations governing drugs and dietary supplements, Defendant has also violated 21 U.S.C. § 343(r)(6), 21 U.S.C. § 343(a), 21 U.S.C. § 321(g)(1)(B), 21 U.S.C. §§ 332-334 and California Health & Saf. Code §§ 109925, 110100, 111550. Throughout the Class Period, Defendant committed acts of unfair competition, as defined by § 17200, by using unlawful, false, and misleading statements to promote the sale of the Products, as described above.

23

104.   Defendant's misrepresentations and other conduct, described herein, violated the "unfair prong" of the UCL because the conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. Defendant's conduct is unfair in that the harm to Plaintiff and members of the California Subclass arising from Defendant's conduct outweighs the utility, if any, of those practices.

105.   Defendant's practices as described herein are of no benefit to consumers who are tricked into believing that the Products will provide relief for stomach discomfort for their newborns. Defendant's practice of injecting misinformation into the marketplace about the capabilities of its Products is unethical and unscrupulous, especially because consumers trust companies like Defendant to provide accurate information about Products for newborns. Taking advantage of that trust, Defendant misrepresents the effectiveness of its Products to increase its sales. Consumers believe that Defendant is an authority on the effectiveness and quality of gripe water Products for their newborns and therefore believe Defendant's representations that its Products can magically provide stomach relief for their newborns.

106.   Defendant's conduct described herein, violated the "fraudulent" prong of the UCL by representing that the Products were effective at providing relief related for stomach discomfort in newborns, when in fact they were not.

107.   Plaintiff and members of the California Subclass are not sophisticated experts with independent knowledge of the formulations or efficacy of gripe water Products, and they acted reasonably when they purchased the Products based on their belief that Defendant's representations were true.

108.   Defendant knew or should have known, through the exercise of reasonable care, that its representations about the Products were untrue and misleading.

109.   As a direct and proximate result of these acts, consumers have been and are being harmed. Plaintiff and members of the California Subclass have suffered injury and actual out of pocket losses as a result of Defendant's unfair, unlawful, and fraudulent business acts and practices because: (a) Plaintiff and members of the California Subclass would not have purchased the

24

Products on the same terms if they had known the true facts regarding the effectiveness and contents of the Products; (b) Plaintiff and members of the California Subclass paid a price premium due to the misrepresentations of Defendant's Products; and (c) Defendant's Products did not have the quality and effectiveness or value as promised.

110.   Pursuant to California Business & Professions Code § 17203, Plaintiff and members of the California Subclass are therefore entitled to: (a) an Order requiring Defendant to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendant as a result of its deceptive practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs.

## COUNT IV
### Breach of Express Warranty

111.   Plaintiff and Class Members reallege and incorporate by reference each allegation set forth above as if fully set forth herein.

112.   Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

113.   As the designer, manufacturer, marketer, distributer, and/or seller, Defendant expressly warranted that the Products are effective in treating stomach discomfort and colic.

114.   Defendant's affirmations of fact and promise made to Plaintiff and the Class on the Products' labels, became part of the basis of the bargain between Defendant on the one hand, and Plaintiff and Class members on the other, thereby creating express warranties that the Products would conform to Defendant's affirmations of fact, representations, promises, and descriptions.

115.   However, the scientific evidence shows that the Products cannot provide any appreciable relief to consumers. Moreover, to the extent any of the ingredients could potentially provide relief to consumers, the quantities they are provided in are far too low to provide any therapeutic benefit.

116.   As such, Defendant breached this warranty because the Products are not effective for providing the advertised relief. In short, the Products do not perform as expressly warranted.

117. Plaintiff and Class Members were injured as a direct and proximate result of Defendants' breach because: (a) they would not have purchased the Products on the same terms if they had known the true facts; (b) they paid a price premium due to the mislabeling of the Products; and (c) the Products did not have the quality, effectiveness or value as promised.

118. Prior to filing this action, Plaintiff served a pre-suit notice letter on Defendant that complied in all respects with U.C.C. § 2-607. Plaintiff and the Class sent Defendant a letter via certified mail, return receipt requested, advising Defendant that it breached numerous warranties and violated state consumer protection laws, and demanding that Defendant cease and desist from such violations and make full restitution by refunding the monies received therefrom. *See* **Exhibit 4**.

**COUNT V**

**Breach of Implied Warranty of Fitness for a Particular Purpose**

119. Plaintiff and Class Members reallege and incorporate by reference each allegation set forth above as if fully set forth herein.

120. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

121. Defendant, through its acts and omissions set forth herein, in its sale, marketing, and promotion of the Products made implied representations to Plaintiff and the Class that the Products were fit for the particular purpose of providing relief related to stomach discomfort in newborns. However, the Products are not capable of providing the aforementioned benefits. At the time the Products were sold, Defendant knew or should have known that Plaintiff and members of the Class would rely on Defendant's skill and judgment regarding the efficacy of the Products.

122. In reliance on Defendant's skill and judgment and the implied warranties of fitness for this purpose, Plaintiff and members of the Class purchased the Products for use to provide stomach relief for their newborns.

123. The Products were not altered by Plaintiff or Class members.

124. Defendant knew that the Products would be purchased and used without additional testing by Plaintiff and Class members.

125.   Plaintiff and members of the Class have sustained damages as a direct and proximate result of Defendant's breach because: (a) they would not have purchased the Products if the true facts concerning their efficacy had been known; (b) they paid a price premium for the Products based on Defendant's representations regarding the Products' efficacy; and (c) the Products did not have the characteristics, uses, or benefits as promised. As a result, Plaintiff and members of the Class have been damaged.

## COUNT VI

### Unjust Enrichment

126.   Plaintiff and Class Members reallege and incorporate by reference each allegation set forth above as if fully set forth herein.

127.   Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

128.   Plaintiff and Class members conferred a benefit on Defendant by purchasing the Products and by paying a price premium for them. Defendant has knowledge of such benefits.

129.   Defendant has been unjustly enriched in retaining the revenues derived from Class members' purchases of the Products, which retention under these circumstances is unjust and inequitable because Defendant misrepresented that the Products were effective in treating stomach discomfort and colic. This misrepresentation cause injuries to Plaintiff and Class Members, because they would not have purchased the Products if the true facts regarding the effectiveness of the Products were known.

130.   Because Defendant's retention of the non-gratuitous benefit conferred on it by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

### JURY DEMAND

131.   Plaintiff demands a trial by jury on all issues so triable.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class and Subclass, requests for judgment as follows:

1    (a) Declaring this action to be a proper class action and certifying Plaintiff as the

2    representative of the Class and the California Subclass, and Plaintiff's attorneys as Class Counsel

3    to represent the Class and California Subclass members;

4    (b) An order declaring Defendant's conduct violates the statutes referenced herein;

5    (c) Entering preliminary and permanent injunctive relief against Defendant, directing

6    Defendant to correct its practices and to comply with consumer protection statutes nationwide;

7    (d) Awarding monetary damages, including treble damages

8    (e) Awarding punitive damages;

9    (f) Awarding Plaintiff and Class and Subclass Members their costs and expenses incurred in

10   this action, including reasonable allowance of fees for Plaintiff's attorneys and experts, and

11   reimbursement of Plaintiff's expenses; and

12   (g) Granting such other and further relief as the Court may deem just and proper.

13   Dated: November 22, 2022                          **CROSNER LEGAL, P.C.**

14

15   By: _____
                                                      Michael R. Crosner
16                                                    Zachary M. Crosner
                                                      Chad A. Saunders
17                                                    Craig W. Straub

18                                                    Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1







## GRIPE WATER

Little Remedies® Gripe Water



MADE WITH **ORGANIC AGAVE**

7  56184 12277  8

**FOR TUMMYS** **SAFE FOR NEWBORNS**



Everything they need.
Nothing they don't?

## GRIPE WATER

Also Try:



When my friends use Little Remedies gripe water, I refer them to gripe water. Thank you, it was fantastic. Fantastic!

We value your opinion.
Visit LittleRemedies.com · Products
to review any one of our products.

**No Artificial Sweeteners
Flavors, or Dyes
No Sodium
Paraben and Gluten Free**

LittleRemedies.com  **f**

**Keep carton for future reference.**

**Little Remedies®️ Gripe Water** is a safe, gentle & effective herbal supplement which eases the discomfort associated with*
■Gas ■Colic ■Hiccups ■Fussiness

## Supplement Facts

Serving Size: 5 mL

Servings per Container: about 24

| | Amount Per Serving | % Daily Value |
|---|---|---|
| Zingiber officinale (Ginger) root extract | 5 mg | † |
| Foeniculum vulgare (Fennel) seed extract | 4 mg | † |

† Daily Value not established

**Other Ingredients:** purified water, agave, vegetable glycerin, natural ginger flavor, potassium sorbate, citric acid, xanthan gum

| Suggested Use | |
|---|---|
| Age | Dose |
| 2 to 4 weeks | 2.5 mL |
| 1 to 6 months | 5 mL |
| 6 months and older | 10 mL |
| Adults | 30 mL |

**SHAKE WELL.** May be taken directly using the dispenser included. May be given up to six times in a 24 hour period. If necessary to repeat dosage, wait a minimum of 30 minutes.

**Keep out of reach of children.** In some infants, a rare allergic reaction may occur. Do not exceed recommended dosage.

**Tamper Evident:** Do not use if breakable seal ring on cap is separated or missing.

**Do not use if**
■child has a history of kidney failure or renal problems
■child is allergic to any of the ingredients in this product

Always consult your health care provider before giving this or any supplement to an infant.

Store at room temperature.

**Questions?** 1-800-754-8853
Mon.-Fri. 8:30 am to 5:30 pm EST
**LittleRemedies.com**

*THIS STATEMENT HAS NOT BEEN EVALUATED BY THE FOOD AND DRUG ADMINISTRATION. THIS PRODUCT IS NOT INTENDED TO DIAGNOSE, TREAT, CURE OR PREVENT ANY DISEASE.

# EXHIBIT 2



Kathy Kramp
The Procter & Gamble Company
1 Pg Plz
Cincinnati, OH- 45202 3315

April 10, 2020

Dear Kathy Kramp,

This is in response to your letter of March 11, 2020 to the Food and Drug Administration (FDA)
pursuant to 21 U.S.C. 343(r)(6) (Section 403(r)(6) of the Federal Food, Drug, and Cosmetic Act (the
Act)). Your notification states that, among other things, you are making the following claim for the
listed product:

**Product: Align Probiotic Baby**
  *Claim:  Colic Relief*

21 U.S.C. 343(r)(6) makes clear that a statement included in labeling under the authority of that
section may not claim to diagnose, mitigate, treat, cure, or prevent a specific disease or class of
diseases. This claim does not meet the requirements of 21 U.S.C. 343(r)(6).

This claim suggests that this product is intended for use as a drug within the meaning of 21 U.S.C.
321(g)(1)(B), and that it is subject to regulation under the drug provisions of the Act.

If you intend to make claims of this nature, you should contact FDA's Center for Drug Evaluation and
Research (CDER), Office of Compliance, HFD-310, White Oak Building 51, 10903 New Hampshire
Ave., Silver Spring, MD 20993.

Please contact us if we may be of further assistance.

        Sincerely yours,

        Haijing Hu, PhD
        Director, Regulatory Implementation Staff
        Office of Dietary Supplement Programs
        Center for Food Safety and Applied Nutrition

# EXHIBIT 3



Alexa Sarcona
SmartyPants Vitamins
4056 Del Rey Ave
Marina del Rey, California 90292

June 28, 2021

Dear Alexa Sarcona,

This is in response to your letter of May 03, 2021 to the Food and Drug Administration (FDA) pursuant to 21 U.S.C. 343(r)(6) (Section 403(r)(6) of the Federal Food, Drug, and Cosmetic Act (the Act)). Your notification states that you are making the following claim for the listed product:

**Product: SmartyPants Baby Probiotic**
  *Claim:  Helps soothe fussiness and crying in colicky babies*
  *Claim:  P. pentosaceus KABP-041 and B. longum KABP-042 are clinically-tested to reduce fussiness (crying) associated with colic*
  *Claim:  Helps reduce crying in colicky babies*

While most symptoms of colic may not be indicative of disease, a number of colicky infants have serious medical conditions; therefore, the product labeling must clarify the intended use. For example, a qualified claim such as "for colic that is not due to a medical condition" may be an appropriate structure/function claim. Furthermore, the clinical studies you cited in support of your claim exclude specific population groups; you do not qualify your claim by informing the user that the product is only intended for certain population groups.

21 U.S.C. 343(r)(6) makes clear that a statement included in labeling under the authority of that section may not claim to diagnose, mitigate, treat, cure, or prevent a specific disease or class of diseases. These claims do not meet the requirements of 21 U.S.C. 343(r)(6).

This claim suggests that this product is intended for use as a drug within the meaning of 21 U.S.C. 321(g)(1)(B), and that it is subject to regulation under the drug provisions of the Act.

If you intend to make claims of this nature, you should contact FDA's Center for Drug Evaluation and Research (CDER), Office of Compliance, HFD-310, White Oak Building 51, 10903 New Hampshire Ave., Silver Spring, MD 20993.



Please contact us if we may be of further assistance.

Sincerely yours,

Haijing Hu, PhD
Branch Chief, Regulations Implementation Branch
Division of Policy and Regulations Implementation
Office of Dietary Supplement Programs
Center for Food Safety and Applied Nutrition

## Department of Health and Human Services Food and Drug Administration

### STRUCTURE / FUNCTION CLAIMS (SFC) NOTIFICATION

| | |
|---|---|
| SFC Number: 2021-000740 | Printed On: 6/29/2021 |

**1. Manufacturer/Packer/Distributor Information**

| | |
|---|---|
| Firm Name | SmartyPants Vitamins |
| Business Name | SmartyPants Vitamins |
| Contact Person First Name | Alexa |
| Contact Person Last Name | Sarcona |
| Address | 4056 Del Rey Ave Marina del Rey, California United States of America, 90292 |
| State License/Registration Number | |
| Contact Phone | 4157171976 |
| Contact Fax | |
| Submitter Email | alexa.sarcona@smartypantscorp.com |

**2. Product and Claims**

| | |
|---|---|
| Brand/Supplement Name | SmartyPants Baby Probiotic |
| Dietary Ingredient | SmartyPants Probiotic Blend (P. pentosaceus KABP-041; B. longum KABP-042; L. rhamnosus GG, B. animalis subsp. Lactis BLC1; S. boulardii SP 92) |
| Claim | Helps soothe fussiness and crying in colicky babies |

| | |
|---|---|
| Brand/Supplement Name | SmartyPants Baby Probiotic |
| Dietary Ingredient | P. pentosaceus KABP-041; B. longum KABP-042 |
| Claim | P. pentosaceus KABP-041 and B. longum KABP-042 are clinically-tested to reduce fussiness (crying) associated with colic |

| | |
|---|---|
| Brand/Supplement Name | SmartyPants Baby Probiotic |
| Dietary Ingredient | SmartyPants Probiotic Blend (P. pentosaceus KABP-041; B. longum KABP-042; L. rhamnosus GG, B. animalis subsp. Lactis BLC1; S. boulardii SP 92) |
| Claim | Helps reduce crying in colicky babies |

**3. Labels**

| Product | Label(s) | Size (KB) |
|---|---|---|

**4. Certification & Signature**

| | |
|---|---|
| Name | Jennifer Bone |
| Title | Senior Director of Quality Assurance and Regulatory Affairs |
| Submission Date | 5/3/2021 |

OMB N0.0910-0331

# EXHIBIT 4



Craig W. Straub, Esq.
9440 Santa Monica Blvd.,
Ste. 301
Beverly Hills, CA 90210

craig@crosnerlegal.com
office: (310) 496-5818
cell: (858) 344-0674

November 21, 2022

**SENT VIA U.S. CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Prestige Consumer Healthcare, Inc.
Attn: Legal Department
660 White Plains Road
Tarrytown, NY 10591

*Re: Madero v. Prestige Consumer Healthcare, Inc.*

| Our Client(s) | : | Nikolas Chaplin |
|---|---|---|
| Products | : | Little Remedies Gripe Water Products |
| Matter | : | CLRA Demand Letter |
| | | Notice of Breach of Warranty |
| | | Demand to Preserve Evidence |

To Whom It May Concern:

On behalf of Nikolas Chaplin ("Plaintiff") and all others similarly situated,[1] this letter notifies Prestige Consumer Healthcare, Inc. that Prestige has violated, and continues to violate, the California Consumers Legal Remedies Act (the "CLRA," codified at Cal. Civ. Code §§ 1750, *et seq.*) and has breached, and continue to breach, express and implied warranties concerning products sold under Prestige's **Little Remedies Gripe Water** brand (referred to as the "Products").

Prestige labels and advertises these Products with the following representations: "Gently Relieves Stomach Discomfort from Gas, Colic + Hiccups"; "Gently Relieves Stomach Discomfort from Gas, Colic, Hiccups, and Fussiness"; "A highly-effective herbal supplement which eases stomach discomfort often associated with gas, colic and hiccups"; "time-tested formula"; "Newborns +"; "For Newborns"; "For Tummys"; "Everything they need. Nothing they don't."; "… a life saver!"; and "a safe, gentle & effective herbal

---

[1] Plaintiff serves this notice on behalf of all persons who purchased the Products in the United States (the "Class"), and in California (the "California Subclass").

CLRA Demand Letter
Prestige Consumer Healthcare, Inc.
November 21, 2022
Page 2 of 4

supplement which eases the discomfort associated with Gas, Colic, Hiccups, Fussiness." (collectively, "Product Representations"), thereby affirmatively warranting these Products as such. As a result, the Products' labeling causes reasonable consumers to believe the Products are effective in relieving discomfort from gas, colic, and hiccups in newborns in demonstrable and/or scientifically proven ways.

Contrary to the Product Representations and reasonable consumers' understanding, the ingredients Prestige claims are "time-tested" and "highly-effective" in treating gas, colic, and hiccups have not been shown to be effective in treating the symptoms of colic in newborns. Several well-conducted scientific studies have concluded that herbal ingredients, including those include in the Products, do not provide the relief of infantile colic or its symptoms. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is attached and incorporated by this reference.

As detailed in the attached Complaint, Prestige is also violating federal regulations. For example, the FDA has sent numerous warning letters to companies advertising products for "colic relief" and finding that the products are advertising with illegal disease claims which require prior drug approval. The Products are therefore considered unapproved drugs which require premarket approval from regulatory authorities. Prestige has not obtained this approval.

Prestige's practices constitute violations of the CLRA. Specifically, in connection with the advertising, labeling, packaging, and marketing of the Products, Defendant has violated the following subdivisions of California Civil Code section 1770(a) under, *inter alia*, the following subdivisions:

(5)     Representing that goods or services have . . . approval, characteristics, . . . uses [or] benefits . . . which they do not have . . . .

* * *

(7)     Representing that goods or services are of a particular standard, quality or grade . . . if they are of another.

* * *

(9)     Advertising goods or services with intent not to sell them as advertised.

* * *

(16)    Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

As detailed in the attached Complaint, Defendant's practices also violate California Business and Professions Code §§17200, *et seq.* and constitute a breach of warranties.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant

CLRA Demand Letter
Prestige Consumer Healthcare, Inc.
November 21, 2022
Page 3 of 4

to California Civil Code §1782 and California Commercial Code §2607, we hereby demand on behalf of our client and all others similarly situated that Defendant immediately correct and rectify these violations by ceasing the misleading marketing campaign, ceasing dissemination of false and misleading information as described in the enclosed Complaint, and initiating a corrective advertising campaign to re-educate consumers regarding the truth of the products at issue. In addition, Defendant must offer to refund the purchase price to all consumer purchasers of the Products, plus provide reimbursement for interest, costs, and fees.

<u>**How to Resolve These Matters**</u>

Prestige has thirty (30) days to correct, repair, replace, or otherwise rectify the aforementioned violations and breaches. Plaintiff demands that Prestige immediately cease the misconduct described herein, disgorge the profits derived from this misconduct, and make restitution to our client and all similarly situated consumers of the Products, without limitation, as well as engage in an affirmative advertising campaign to dispel the public's misconception regarding the Products that the Product Representations have created.

In addition, Plaintiff requests that Prestige allow us to verify, by depositions or other methods, how many consumers were affected by Prestige's improper conduct, that Prestige has implemented any resolution we reach, and that Prestige has implemented procedures to prevent the improper conduct from reoccurring.

Furthermore, on behalf of Plaintiff and similarly situated consumers, we request that Prestige institute a recall program, to be approved and supervised by us, as counsel to Plaintiff and a putative class of similarly situated consumers, of all Products that presently have packaging or labeling that makes any of the claims as described herein.

<u>**Preservation Request**</u>

This letter also constitutes notice to Prestige that it is not to destroy, conceal or alter in any manner whatsoever any evidence, documents, merchandise, information, paper or electronically stored information or data, and/or other tangible items or property potentially discoverable in the above-referenced matter, including but not limited to documents that relate to the Products', since their inception: formulation; advertising and marketing; labeling and packaging; market research, consumer surveys, and focus groups; sales; governmental regulation of advertising claims; and non-governmental and industry-self-regulation of advertising, including, but not limited to, the following documents:

1. All documents, communications, and electronically stored information concerning the ingredients, formula, research and development, and manufacturing of the Products;

2. All communications with any U.S. administrative entity, or industry-self-

CLRA Demand Letter
Prestige Consumer Healthcare, Inc.
November 21, 2022
Page 4 of 4

   regulation organization, or complaints by any private person or entity
   concerning the research and development, manufacturing, marketing and
   advertising, and sales of the Products;

3. All documents, communications, and electronically stored information,
   concerning the advertisement, marketing, labeling, and packaging of the
   Products, including any market research, consumer surveys, and focus groups;

4. All documents, communications, and electronically stored information,
   concerning the distribution and sale of the Products; and

5. All communications with customers concerning complaints or comments
   related to the Products and their advertising, labeling, and packaging.

   If we do not hear from Prestige within thirty (30) days, we will assume that Prestige
will not take the corrective action requested and Plaintiff will proceed to amend the
enclosed draft complaint to include a claim for monetary damages under the CLRA,
pursuant to California Civil Code section 1782(d), and to file the action against Prestige.

   We are available if you want to discuss the issues raised in this letter. Thank you
for your attention to this matter.

Sincerely,

Craig W. Straub
CROSNER LEGAL, P.C.

Enclosure(s): Class Action Complaint

# EXHIBIT 5

**CROSNER LEGAL, P.C.**
Michael R. Crosner (SBN 41299)
Zachary M. Crosner (SBN 272295)
Chad A. Saunders (SBN 257810)
Craig W. Straub (SBN 249032)
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429
mike@crosnerlegal.com
zach@crosnerlegal.com
chad@crosnerlegal.com
craig@crosnerlegal.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| NIKOLAS CHAPLIN, individually and on behalf of all others similarly situated, | Case No.: |
| Plaintiff, | **CLASS ACTION** |
| v. | **AFFIDAVIT OF ZACHARY M. CROSNER PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)** |
| PRESTIGE CONSUMER HEALTHCARE, INC., a Delaware corporation; and DOES 1 to 50, inclusive, | |
| Defendants. | |

1

AFFIDAVIT OF ZACHARY M. CROSNER PURSUANT TO CCP § 1780(d)

I, ZACHARY M. CROSNER, declare as follows:

1.      I am an attorney duly licensed to practice before all of the courts of the State of California. I am the managing partner of the law firm of Crosner Legal, P.C., one of the counsel of record for plaintiff in the above-entitled action.

2.      Defendant Prestige Consumer Healthcare, Inc. has done, and is doing, business in California, including Alameda County. Such business includes the marketing, promotion, distribution, and sale of its Little Remedies Gripe Water products.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed November 21, 2022, at Beverley Hills, California.

*s/ Zachary M. Crosner*
ZACHARY M. CROSNER

2
AFFIDAVIT OF ZACHARY M. CROSNER PURSUANT TO CCP § 1780(d)

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Rene C. Davidson Courthouse Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED** Superior Court of California County of Alameda **11/22/2022** Chad Finke , Executive Officer / Clerk of the Court By: _____ Deputy X. Bowie |
| PLAINTIFF: NIKOLAS CHAPLIN, individually and on behalf of all others similarl | |
| DEFENDANT: PRESTIGE CONSUMER HEALTHCARE, INC., a Delaware corpor | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: **22CV022517** |

**TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 03/22/2023    Time: 8:30 AM    Dept.: 21
>
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

**TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:**

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

**TO ALL PARTIES** who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer,** in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>**11/22/2022**<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>X. Bowie |
| PLAINTIFF/PETITIONER:<br>NIKOLAS CHAPLIN, individually and on behalf of all others similarly situated | |
| DEFENDANT/RESPONDENT:<br>PRESTIGE CONSUMER HEALTHCARE, INC., a Delaware corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV022517 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Zachary M. Crosner
CROSNER LEGAL, P.C.
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210

Chad Finke, Executive Officer / Clerk of the Court

Dated: 11/23/2022          By:

X. Bowie, Deputy Clerk

**CERTIFICATE OF MAILING**

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda

11/22/2022

Chad Finke, Executive Officer / Clerk of the Court

By: _____ X. Bowie _____ Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
PRESTIGE CONSUMER HEALTHCARE, INC., a Delaware corporation; and
DOES 1 to 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
NIKOLAS CHAPLIN, individually and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: | **CASE NUMBER:** |
| (El nombre y dirección de la corte es): Superior Court for the State of California | (Número del Caso): |
| for the county of Alameda - Hayward Hall of Justice | 22CV022517 |
| 24405 Amador Street, Hayward, CA 94544 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
CROSNER LEGAL, PC 9440 Santa Monica Blvd., Ste. 301 Beverly Hills, CA 90210 Tel: (310) 496-5818

DATE: 11/22/2022         Clerk, by  _____ X. Bowie _____ , Deputy
(Fecha)                  (Secretaria)                 (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):  PRESTIGE CONSUMER HEALTHCARE, INC., a Delaware corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Chad Finke, Executive Officer / Clerk of the Court
By: _____ X. Bowie _____ Deputy

[SEAL — SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA]

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**12/01/2022 at 11:38:36 AM**
By: Shabra Iyamu,
Deputy Clerk

**CROSNER LEGAL, P.C.**
Michael R. Crosner (SBN 41299)
Zachary M. Crosner (SBN 272295)
Chad A. Saunders (SBN 257810)
Craig W. Straub (SBN 249032)
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429
mike@crosnerlegal.com
zach@crosnerlegal.com
chad@crosnerlegal.com
craig@crosnerlegal.com

Attorneys for Plaintiff
NIKOLAS CHAPLIN

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

|  |  |
|---|---|
| NIKOLAS CHAPLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRESTIGE CONSUMER HEALTHCARE, INC., a Delaware corporation; and DOES 1 to<br>50, inclusive,<br><br>Defendants. | Case No.:  22CV022517<br><br>PLAINTIFF'S PEREMPTORY CHALLENGE OF THE HONORABLE EVELIO GRILLO; DECLARATION OF CRAIG STRAUB IN SUPPORT THEREOF<br><br>[Code of Civ. Proc. § 170.6] |

1    The attorneys for Plaintiff NIKOLAS CHAPLIN ("Plaintiff") in the above-entitled action,

2    which involves contested issues of law and fact, and which has been assigned for all purposes

3    including trial to the Honorable Evelio Grillo, Judge of the above caption Court, respectfully

4    exercise a peremptory challenge pursuant to Code of Civil Procedure section 170.6 and request that

5    this case be reassigned from the Honorable Evelio Grillo to another judge, and that no matters

6    hereinafter arising in this action be heard by or assigned to the Honorable Evelio Grillo on the

7    grounds that the Judge is prejudiced against Plaintiff and/or the interests of the Plaintiff in this

8    action.  This motion is based on the matters contained herein, on California Code of Civil procedure

9    section 170.6, and the supporting declaration of  Craig Straub attached hereto and filed herewith.

10    WHEREFORE, Plaintiff prays that the relief herein requested be granted.

11

12    Dated:  December 01, 2022,                    CROSNER LEGAL, P.C.

13

14

15    Michael R. Crosner, Esq.
      Zachary M. Crosner, Esq.
16    Chad A. Saunders, Esq.
      Craig W. Straub, Esq.

17    Attorneys for Plaintiff NIKOLAS CHAPLIN

18

19

20

21

22

23

24

25

26

27

28

2

1

2                          **<u>DECLARATION OF CRAIG STRAUB</u>**

3          I, Craig Straub, hereby declare and state on my oath and under penalty of perjury as follows:

4   I am an attorney duly licensed to practice law in the State of California and I am a member of the

5   law firm of Crosner Legal, P.C., attorneys of record for Plaintiff NIKOLAS CHAPLIN

6   ("Plaintiff"), in the above-entitled matter.  I am informed and believe that the Honorable Evelio

7   Grillo is the judicial officer assigned for all purposes in this matter, including the trial in this action,

8   and is prejudiced against the interests of Plaintiff.  On this basis, Plaintiff and the undersigned

9   believe they cannot have a fair and impartial trial or a hearing before this Judge.

10  I declare under penalty of perjury under the laws of the State of California that the foregoing is true

11  and correct and that this declaration was executed on this 1st day of December 2022 at San Diego,

12  California.

13

14

15                                         _____
                                           CRAIG STRAUB

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**PROOF OF SERVICE**

*Nikolas Chaplin v. Prestige Consumer Healthcare Inc.*
*Superior Court County of Alameda Case No. 22STCV022517*

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California. My business address is 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210.

On  December 01, 2022,  I served true copies of the following document(s) described as

**PLAINTIFF'S PEREMPTORY CHALLENGE OF THE HONORABLE EVELIO GRILLO; DECLARATION OF CRAIG STRAUB IN SUPPORT THEREOF**

SEE ATTACHED SERVICE LIST

on the interested parties in this action as follows:

___     BY EMAIL OR ELECTRONIC TRANSMISSION.  Based on an agreement of the parties to accept service by email or electronic transmission, I caused the document(s) to be sent from agutierrez@crosnerlegal.com  to the person(s) at the email addresses listed in the service list.  The email or electronic transmission was sent on the date below.

___     BY FACSIMILE TRANSMISSION. I transmitted copies of the above-referenced document(s) on the interested parties in this action by facsimile transmission from (310) 510-6429.  A transmission report was properly issued by the transmitting facsimile machine and the transmission was reported as complete and without error.

**XX**     BY UNITED STATES POSTAL SERVICE.  I enclosed the documents in electronic pdf format and submitted them electronically into the mail provider, Letterstream, Inc.'s, online mail portal (letterstream.com) to be mailed addressed to the entities and/or persons listed in the Service List as set forth herein. I caused an envelope containing the documents to be placed for collection and mailing and to be mailed by First Class Mail, following our law firm and Letterstream, Inc.'s ordinary business practices. I am readily familiar with our business practices and the business practices of Letterstream, Inc. for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. Pursuant to that practice, the above-referenced document(s) were sealed in an envelope, with postage paid, and deposited with a a post office, mail box, sub-post office, substation, mail chute, or other facility or postal pick up/drop off regularly maintained by the United States Postal Service or an affiliate thereof, at or near Phoenix, Arizona.

PROOF OF SERVICE

1

1

2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

3

4

Executed on December 01, 2022, at Los Angeles, California.

5

6

*Ashley Gutierrez*
_____
Ashley Gutierrez

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

2

1
2

**SERVICE LIST**
*Nikolas Chaplin v. Prestige Consumer Healthcare Inc.*
*Superior Court County of Alameda Case No. 22STCV022517*

3

4

PRESTIGE CONSUMER HEALTHCARE, INC.   **Agent for Service**
Registered Agent Information

5

National Registered Agents, Inc.

6

1209 Orange Street
Wilmington, DE 19801

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse, Department 23

## JUDICIAL OFFICER: HONORABLE BRAD SELIGMAN

Courtroom Clerk: None                                                                                            CSR: None

---

**22CV022517**                                                                                         December 1, 2022
                                                                                                                     4:16 PM

**CHAPLIN, INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED**
 **vs**
**PRESTIGE CONSUMER HEALTHCARE, INC., A
DELAWARE CORPORATION, et al.**

---

### MINUTES

**NATURE OF PROCEEDINGS: Court Order**

The Court reviews the Peremptory Challenge filed by NIKOLAS CHAPLIN, individually and on behalf of all others similarly situated (Plaintiff) on 12/01/2022 pursuant to Code of Civil Procedure section 170.6 and finds that it was timely filed, in proper format, and is accepted.

Good cause appearing and on order of the Court, the above matter is reassigned to Judge Brad Seligman in Department 23 at the Rene C. Davidson Courthouse for all further proceedings.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

By:          J. Castaneda, Deputy Clerk
                   Minutes of: 12/01/2022
                   Entered on: 12/01/2022

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:

Rene C. Davidson Courthouse

Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF(S):

NIKOLAS CHAPLIN, individually and on behalf of all others similarly si

PRESTIGE CONSUMER HEALTHCARE, INC., a Delaware corporatio

## NOTICE OF CASE REASSIGNMENT

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

12/01/2022

Clad Flike , Executive Officer / Clerk of the Court

By: _____ Deputy
J. Castaneda

CASE NUMBER:

22CV022517

**EFFECTIVE**   12/01/2022

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE:   Brad Seligman

DEPARTMENT:   23

LOCATION:   Rene C. Davidson Courthouse

Administration Building, 1221 Oak Street, Oakland, CA 94612

PHONE NUMBER:   (510) 267-6939

FAX NUMBER:

EMAIL ADDRESS:   Dept23@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

### NOTICE OF CASE REASSIGNMENT

**ASSIGNED FOR ALL PURPOSES TO**

**JUDGE** Brad Seligman

**DEPARTMENT** 23

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."   The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

J. Castaneda, Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>12/01/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>J. Castaneda |
| PLAINTIFF/PETITIONER:<br>NIKOLAS CHAPLIN, individually and on behalf of all others similarly situated | |
| DEFENDANT/RESPONDENT:<br>PRESTIGE CONSUMER HEALTHCARE, INC., a Delaware corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV022517 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Zachary M. Crosner
CROSNER LEGAL, P.C.
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/01/2022                    By:

J. Castaneda, Deputy Clerk

**CERTIFICATE OF MAILING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>12/02/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>J. Castaneda |
| PLAINTIFF/PETITIONER:<br>NIKOLAS CHAPLIN, individually and on behalf of all others similarly situated | |
| DEFENDANT/RESPONDENT:<br>PRESTIGE CONSUMER HEALTHCARE, INC., a Delaware corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV022517 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Zachary M. Crosner
CROSNER LEGAL, P.C.
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/02/2022

By:

J. Castaneda, Deputy Clerk

**CERTIFICATE OF MAILING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br><br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br><br>12/01/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>J. Castaneda |
| PLAINTIFF:<br>NIKOLAS CHAPLIN, individually and on behalf of all others similarly situated | |
| DEFENDANT:<br>PRESTIGE CONSUMER HEALTHCARE, INC., a Delaware corporation et al | |
| **NOTICE OF CASE RESCHEDULING OR RELOCATION** | CASE NUMBER:<br>22CV022517 |

TO THE PARTIES:

You are hereby notified that the above-entitled matter, previously set for

Complex Determination Hearing                                        as follows:

Rene C. Davidson Courthouse _____ on 12/28/2022 ____ at 10:00 AM in Department 21 _____

has been rescheduled, or relocated, as follows:

Rene C. Davidson Courthouse _____ on 01/03/2023 ____ at 3:00 PM in Department 23 _____


Chad Finke, Executive Officer / Clerk of the Court


Dated: 12/01/2022 _____              By J. Castaneda _____

Deputy Clerk


**NOTICE OF CASE RESCHEDULING OR RELOCATION**

09/17

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

12/01/2022

Chad Finke, Executive Officer / Clerk of the Court

By: _____ Deputy
J. Castaneda

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF/PETITIONER:
NIKOLAS CHAPLIN, individually and on behalf of all others similarly situated

DEFENDANT/RESPONDENT:
PRESTIGE CONSUMER HEALTHCARE, INC., a Delaware corporation et al

## CERTIFICATE OF MAILING

CASE NUMBER:
22CV022517

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Rescheduling or Relocation upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Zachary M. Crosner
CROSNER LEGAL, P.C.
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/01/2022

By:

J. Castaneda, Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| NIKOLAS CHAPLIN, individually and on behalf of all others similarly situated<br>                    Plaintiff/Petitioner(s)<br>                    vs.<br>PRESTIGE CONSUMER HEALTHCARE, INC., a Delaware corporation et al<br>                    Defendant/Respondent(s) | No.      22CV022517<br><br>Date:    12/01/2022<br>Time:    4:17 PM<br>Dept:    23<br>Judge:   Brad Seligman<br><br><br>ORDER re: Court Order |

The Court reviews the Peremptory Challenge filed by NIKOLAS CHAPLIN, individually and on behalf of all others similarly situated (Plaintiff) on 12/01/2022 pursuant to Code of Civil Procedure section 170.6 and finds that it was timely filed, in proper format, and is accepted.

Good cause appearing and on order of the Court, the above matter is reassigned to Judge Brad Seligman in Department 23 at the Rene C. Davidson Courthouse for all further proceedings.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated: 12/01/2022

Brad Seligman / Judge

| Attorney or Party without Attorney:<br>Michael R. Crosner (SBN 41299)<br>CROSNER LEGAL, P.C.<br>9440 Santa Monica Blvd Suite 301<br>Beverly Hills, CA 90210<br>  Telephone No:  310-496-4818 | | For Court Use Only |
|---|---|---|
|   Attorney For:  Plaintiff | Ref. No. or File No.:<br>00661-Chaplin | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>12/05/2022 at 02:40:10 PM<br>By: Tania Pierce,<br>Deputy Clerk |
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF ALAMEDA | | |
| Plaintiff:  NIKOLAS CHAPLIN, individually and on behalf of all others similarly<br>             situated<br>Defendant:  PRESTIGE CONSUMER HEALTHCARE, INC., a Delaware corporation | | |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CV022517 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Notice of Case Management Conference

3.  *a.*  *Party served:*      PRESTIGE CONSUMER HEALTHCARE, INC., a Delaware corporation
    *b.*  *Person served:*    Nadia Bellamy, National Registered Agents, Inc., Registered Agent

4.  *Address where the party was served:*    1209 Orange St, Wilmington, DE 19801

5.  *I served the party:*
    a. by personal service.   I personally delivered the documents listed in item 2 to the party or person authorized to receive
                              service of process for the party (1) on *(date):* Thu, Dec 01 2022 (2) at *(time):* 01:12 PM
    (1)   [X]   (business)
    (2)   [ ]   (home)
    (3)   [ ]   (other) :

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.   [ ]   as an individual defendant.
    b.   [ ]   as the person sued under the fictitious name of *(specify):*
    c.   [ ]   as occupant.
    d.   [X]   On behalf of *(specify):*  PRESTIGE CONSUMER HEALTHCARE, INC., a Delaware corporation
              under the following Code of Civil Procedure section:

|  |  |  |  |
|---|---|---|---|
| [X] | 416.10 (corporation) | [ ] | 415.95 (business organization, form unknown) |
| [ ] | 416.20 (defunct corporation) | [ ] | 416.60 (minor) |
| [ ] | 416.30 (joint stock company/association) | [ ] | 416.70 (ward or conservatee) |
| [ ] | 416.40 (association or partnership) | [ ] | 416.90 (authorized person) |
| [ ] | 416.50 (public entity) | [ ] | 415.46 (occupant) |
| [ ] | other: | | |

**FL**
FIRST LEGAL

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

8025037
*(5162034)*
Page 1 of 2

| Attorney or Party without Attorney: Michael R. Crosner (SBN 41299) CROSNER LEGAL, P.C. 9440 Santa Monica Blvd Suite 301 Beverly Hills, CA 90210  Telephone No: 310-496-4818 | | For Court Use Only |
|---|---|---|
| Attorney For: Plaintiff | Ref. No. or File No.: 00661-Chaplin | |
| Insert name of Court, and Judicial District and Branch Court: SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF ALAMEDA | | |
| Plaintiff: NIKOLAS CHAPLIN, individually and on behalf of all others similarly situated  Defendant: PRESTIGE CONSUMER HEALTHCARE, INC., a Delaware corporation | | |

| PROOF OF SERVICE SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number: 22CV022517 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name:                        John Garber
   b. Address:                    **FIRST LEGAL**
                                         1517 W. Beverly Blvd.
                                         LOS ANGELES, CA 90026
   c. Telephone number:     (213) 250-1111
   d. **The fee for service was:**  $271.65
   e. I am:
      (1)  [X]  not a registered California process server.
      (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).
      (3)  [ ]  a registered California process server:
             (i)   [ ] owner   [ ] employee   [ ] independent contractor
             (ii)  Registration No:
             (iii) County:

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

12/01/2022

*(Date)*                                             John Garber



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*8025037*
*(5162034)*
**Page 2 of 2**

**CROSNER LEGAL, P.C.**
Michael R. Crosner (SBN 41299)
Zachary M. Crosner (SBN 272295)
Chad A. Saunders (SBN 257810)
Craig W. Straub (SBN 249032)
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429
mike@crosnerlegal.com
zach@crosnerlegal.com
chad@crosnerlegal.com
craig@crosnerlegal.com

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
12/29/2022 at 02:06:39 PM
By: Anita Dhir,
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| NIKOLAS CHAPLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRESTIGE CONSUMER HEALTHCARE, INC., a Delaware corporation; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.: 22CV022517<br><br>**CLASS ACTION**<br><br>**COMPLEX CASE DETERMINATION STATEMENT**<br><br>Date: January 3, 2023<br>Time: 3:00 p.m.<br>Dept.: 23<br>Judge: Hon. Brad Seligman<br><br>**JURY TRIAL DEMANDED** |

1   Plaintiff Nikolas Chaplin ("Plaintiff") submits the following Complex Case Determination

2   Statement.

### INTRODUCTION

4   Plaintiff provides the following statement to assist the Court in assessing whether this

5   consumer protection class action should be designated a complex case under California Rule of

6   Court 3.400. This matter is provisionally a complex case under Rule 3.400 subsection (c)(6) because

7   it involves class action allegations. Further, the factors set forth in Rule 3.400 subsection (b) weigh

8   in favor of designating this as a complex case.

9   Assigning this case to one of the Complex Departments will assist the parties in effectively

10  litigating this matter because of their experience managing representative actions, class actions and

11  wage and hour issues, as well as navigating discovery disputes in complex matters.

### FACTUAL BACKGROUND

13  This is a proposed consumer protection class action that seeks to remedy the unlawful,

14  deceptive, and misleading business practices of Defendant Prestige Consumer Healthcare, Inc.

15  ("Defendant") with respect to the marketing and sales of its gripe water products, including Little

16  Remedies Gripe Water ("Little Remedies" or "Products"). Defendant distributes, markets, and sells

17  Little Remedies as an effective remedy for the symptoms associated with colic in newborn babies.

18  The Little Remedies advertising is unlawful because Defendant intends that the product is

19  for use as a drug which requires premarket approval from federal authorities. Defendant has failed

20  to obtain this approval and is selling an illegal product. Regulatory authorities have stated that these

21  types of "colic relief" advertising claims are unlawful. Further, none of the ingredients in Little

22  Remedies provide the advertised benefits. Little Remedies is not effective at treating the symptoms

23  of colic as Defendant contends. Scientific studies have found that gripe water is ineffective for

24  treating colic in newborns and may in fact, at higher doses, increase the risk of vomiting and

25  constipation. No recognized medical practitioner recommends the use of herbal remedies or gripe

26  water for use in colicky infants.

27  Plaintiff brings this action individually, and on behalf of all purchasers of Little Remedies

28  Gripe Water products, to halt Defendant's unlawful sales and marketing of these products and for

violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, et seq., Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, et seq., False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, et seq., breach of express warranty, breach of implied warranty of fitness for a particular purpose, and for unjust enrichment.

## FACTORS IN SUPPORT OF COMPLEX CASE DETERMINATION

This matter is provisionally a complex case under Rule 3.400 subsection (c)(6) because it involves class action allegations. In addition, the factors set forth in Rule 3.400 subsection (b) favor the designation of this case as complex.

First, this case is likely to involve numerous pretrial motions involving difficult legal issues, including class certification and potentially a motion for preliminary injunction, a demurrer and motion for summary judgement. *See* Rule of Court 3.400(b)(1).

Second, motions in this case, including a class certification motion, may require management of a substantial amount of documentary evidence or a large number of witnesses. *See* Rule of Court 3.400(b)(2). This case will likely involve substantial discovery regarding Defendant's sales, testing, and marketing of the Products. Plaintiff will also need to obtain sales data and contact information for individual class members. The parties may need court intervention to implement procedures to protect the privacy rights of putative class members while still allowing meaningful access to such information.

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that this Court designate this matter as complex and transfer it to one of the Complex Departments.


Dated: December 29, 2022                    **CROSNER LEGAL, P.C.**


By: _/s/ Craig W. Straub_____
                Michael R. Crosner
                Zachary M. Crosner
                Chad A. Saunders
                Craig W. Straub

Attorneys for Plaintiff

1

2

**PROOF OF SERVICE**
*Nikolas Chaplin v. Prestige Consumer Healthcare Inc.*
*Superior Court County of Alameda Case No. 22CV022517*

3

4

5

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California. My business address is 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210.

6

7

On  December 29, 2022,  I served true copies of the following document(s) described as

8

9

**COMPLEX CASE DETERMINATION STATEMENT**

10

11

12

13

14

15

<u>SEE ATTACHED SERVICE LIST</u>

on the interested parties in this action as follows:

16

17

18

___      BY EMAIL OR ELECTRONIC TRANSMISSION.  Based on an agreement of the parties to accept service by email or electronic transmission, I caused the document(s) to be sent from agutierrez@crosnerlegal.com  to the person(s) at the email addresses listed in the service list.  The email or electronic transmission was sent on the date below.

19

20

___      BY FACSIMILE TRANSMISSION. I transmitted copies of the above-referenced document(s) on the interested parties in this action by facsimile transmission from (310) 510-6429.  A transmission report was properly issued by the transmitting facsimile machine and the transmission was reported as complete and without error.

21

22

23

24

25

26

27

**XX**      BY UNITED STATES POSTAL SERVICE.  I enclosed the documents in electronic pdf format and submitted them electronically into the mail provider, Letterstream, Inc.'s, online mail portal (letterstream.com) to be mailed addressed to the entities and/or persons listed in the Service List as set forth herein. I caused an envelope containing the documents to be placed for collection and mailing and to be mailed by First Class Mail, following our law firm and Letterstream, Inc.'s ordinary business practices. I am readily familiar with our business practices and the business practices of Letterstream, Inc. for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. Pursuant to that practice, the above-referenced document(s) were sealed in an envelope, with postage paid, and deposited with a a post office, mail box, sub-post office, substation, mail chute, or other facility or postal pick up/drop off regularly maintained by the United States Postal Service or an affiliate thereof, at or near Phoenix, Arizona.

28

**PROOF OF SERVICE**

1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 29, 2022, at Los Angeles, California.

*Ashley Gutierrez*
_____
Ashley Gutierrez

PROOF OF SERVICE

2

**SERVICE LIST**
*Nikolas Chaplin v. Prestige Consumer Healthcare Inc.*
*Superior Court County of Alameda Case No. 22CV022517*

PRESTIGE CONSUMER HEALTHCARE, INC.,
a Delaware corporation
National Registered Agents, Inc., Registered Agent
1209 Orange St, Wilmington, DE 19801

**Agent for Service of Process on behalf of Defendant**

PROOF OF SERVICE

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ALAMEDA**

**22CV022517: CHAPLIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS**
**SIMILARLY SITUATED vs PRESTIGE CONSUMER HEALTHCARE, INC., A**
**DELAWARE CORPORATION, et al.**
**01/03/2023 Complex Determination Hearing in Department 23**

Tentative Ruling

The Complex Determination Hearing scheduled for 01/03/2023 is continued to 02/28/2023 at 03:00 AM in Department 23 at Rene C. Davidson Courthouse.